**In re COMBUSTION, INC.**

**All Cases.**

**No. 94MDL4000.**

United States District Court, W.D. Louisiana, Lafayette–Opelousas Division.

April 18, 1995.

---

Calvin Fayard, plaintiffs' Steering Committee, Denham Springs, LA, for plaintiffs.

Thomas McNamara, defendants' Steering Committee, Liskow & Lewis, Lafayette, LA, and Charles Seabolt, McDermott, Inc., New Orleans, LA, for defendants.

## MEMORANDUM RULING

HAIK, District Judge.

Pending before the Court is plaintiffs' Motion to Appeal the Partial Memorandum Ruling of the Magistrate Judge on January 5, 1995. The appeal is opposed by the Defendants' Steering Committee and McDermott, Inc.

While the instant matter was pending in state court, plaintiffs propounded interrogatories to defendants. Defendants asserted several privileges in response to the interrogatories. In August, 1994, plaintiffs filed two motions to compel defendants' responses to interrogatories. Additionally, other discovery motions are pending which present to the magistrate the same or similar issues concerning assertions of privileges as is the case with regard to the interrogatories. In each instance, the magistrate will have to determine whether the privileges were properly asserted. Prior to addressing individual determinations on the asserted privileges, the magistrate ruled preliminarily that federal privilege law will apply in this matter and that the work product doctrine is not a privilege, but is a creation of federal jurisprudence which is independent of privilege law. Plaintiffs now appeal that portion of the rul-

ing which holds that general federal privilege law will apply in this matter.

The standard of review for magistrates' rulings on non-dispositive motions is that reversal shall issue where the ruling is found to be clearly erroneous or contrary to law. Fed.R.Civ.Pro. 72(a); 28 U.S.C. § 636(b)(1)(A).

Plaintiffs' brief in support of the appeal does not suggest that the ruling is contrary to law; rather it argues that the conclusion is clearly erroneous—that the federal interest in federal privilege law does not support a blanket determination that federal privilege law will apply in this case. Plaintiffs suggest that the ruling be vacated and that the Court order the magistrate to determine each and every assertion of privilege individually on an *ad hoc* basis.

The ruling is not contrary to law. Federal Rule of Evidence 501 provides the procedural rule for application of privilege law in federal cases. The Fifth Circuit has not addressed the issue of which privilege law applies when both a federal question claim and a state law claim are pending, the evidence for which is certain to be identical, at least in part. However, two other circuits have recently done so.[1] Both the Sixth Circuit and Eleventh Circuit explicitly held that federal privilege law would apply to federal question cases in which pendent state law claims were asserted.[2] Plaintiffs have not suggested that the conclusions in those cases are contrary to Fifth Circuit jurisprudence, nor cited to this Court any Fifth Circuit jurisprudence which suggests disagreement with such a conclusion.

Furthermore, the ruling is not clearly erroneous. As additional support for her conclusion, the magistrate also extrapolates from the Fifth Circuit's rationale in *American Civil Liberties Union of Mississippi, Inc. v. Finch.*[3] In that federal question case, the defendants sought to avoid production of certain documents, asserting a state law privilege based upon legislation specifically pro-

1. *See Hancock v. Hobbs,* 967 F.2d 462 (11th Cir.1992); *Hancock v. Dodson,* 958 F.2d 1367 (6th Cir.1992).

2. *Hobbs,* 967 F.2d at 467; *Dodson,* 958 F.2d at 1372.

3. 638 F.2d 1336 (5th Cir. Unit A March 1981).

hibiting production of the particular documents sought by plaintiffs. While no state law claim was pending, the Court did acknowledge that certain state interests in a privilege might be of sufficient weight to persuade a federal court to enforce the privilege, even in the context of a federal claim, for comity's sake.[4] However, even in that context—a specific legislative enactment mandating that the particular documents not be made public—the Fifth Circuit found the federal interest in applying federal common law of privilege outweighed the state interest in its own privilege.[5] *A fortiori* in this case the state interest in application of state privilege law does not outweigh the federal interest in applying federal privilege law in a case where both CERCLA and FTCA claims are asserted. While plaintiffs urge this Court to overturn the magistrate's balancing of federal and state interests, they provide this Court no indication of how the balancing is clearly erroneous.

As to plaintiffs' suggestion that each assertion of privilege should be addressed *ad hoc*, such a ruling would be ill-conceived in this matter and paramount to an invitation to disaster. This matter, as presently constituted, is the most complex litigation of its size in the entire nation. Due to the sheer nature of the case, and in view of the enormity of the stakes at issue, the parties are considerably more argumentative than is normally found. A refusal to enter a blanket ruling on which law of privilege to apply would simply encourage plaintiffs, defendants, and third party defendants to engage in even more wrangling over every asserted privilege. In view of the fact that only one district judge and one magistrate judge are assigned to this entire case, an invitation to the parties to become even more contentious is unthinkable.

For the foregoing reasons as well as the reasons found in the magistrate's ruling, the Partial Memorandum Ruling is AFFIRMED.