**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 95-31073
Summary Calendar

_____

IN RE:  COMBUSTION

PLAINTIFFS' STEERING COMMITTEE

                                    Plaintiffs-Appellees,

VERSUS

JOHN H. DAY, JR.; FRANKIE S. DAY; JOHN ALAN DAY;
DAVID MARK DAY; SHARON DAY HULGAN; WENDI S. DAY; and
MARTIE S. HUTCHINSON

                                    Movants-Appellants.
                    ******

_____

No. 95-31089
Summary Calendar

_____

IN RE:  COMBUSTION

PLAINTIFFS' STEERING COMMITTEE,

                                    Plaintiffs-Appellees,

VERSUS

PATRICK L. TESSIER,

                                    Movant-Appellant.
                    ******

_____

No. 96-30208
Summary Calendar

_____

IN RE:  COMBUSTION

PLAINTIFFS' STEERING COMMITTEE,

                                    Plaintiffs-Appellees,

              VERSUS

DIANNE P. COGLEY JOHNSON,

                                    Movant-Appellant.

              ******

_____

No. 96-30210
Summary Calendar

_____

IN RE:  COMBUSTION

PLAINTIFFS' STEERING COMMITTEE,

                                    Plaintiffs-Appellees,

              VERSUS

JOHN J. COGLEY, SR.; JOHN J. COGLEY, JR.,

                                    Movants-Appellants.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(94-MD-4000)
_____
November 13, 1996

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

2

PER CURIAM:[1]

John J. Day, Jr., Patrick L. Tessier, Diane P. Cogley Johnson, and John J. Cogley, Jr., all appeal the district court's denial of their requests for permission to file late proof of claims and be included among the plaintiff class in this case. We affirm the orders appealed by Mr. Day, Mr. Cogley and Mrs. Johnson. With regard to Mr. Tessier's appeal, we vacate the district court's order and remand for further proceedings.

## I.

The above appeals all arise out of a mass disaster toxic tort class action involving a hazardous waste dump site located in Livingston Parish, Louisiana. The site served as a oil recycling facility until 1980. It is now the Combustion, Inc. Superfund site. The class contends that the defendants named in the action are responsible for numerous damages including serious illnesses suffered by those exposed to the toxic chemicals and also damage to the property exposed to those chemicals.

In 1991 the Combustion site class was certified by the state district court. That same year, the state court ordered notice of the class and the right to opt out of it be disseminated by mail to the last known address of all class members and published in the local newspapers. The deadline for opting out of the class was set

---

[1] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

for May 1993.  In 1993, the action was removed to federal district court.

In July 1994, the district court ordered all putative class members to file a proof of claim by December 31, 1994.  The forms were intended to assist the district court in claims evaluation and trial preparation.  The notice advised the putative class members that failure to meet this deadline constituted waiver of any right to participate in the litigation.  This notice was also disseminated by mail to last known address of all class members and published in both local papers.  By December 31, over 13,000 claimants had filed their proof of claim forms.  In July of 1995 the district court approved a preliminary settlement agreement between the class and some of the defendants.  The court ordered a September 1995 fairness hearing be held to consider the preliminary settlement.  The court further ordered that all class members who had failed to timely file a proof of claim notify the court in writing of their intention to appear at the fairness hearing and show good cause for why they should be allowed to file a late proof of claim and take part in the litigation. Appellants all appeared at the hearing and were given an opportunity to justify their late filing.  The district court denied all of the appellants' requests to file late claims and these appeals followed.

I.

A.

Johnson and Cogley argue that they were misled by the notice informing them of the need to file a proof of claim. They argue that they reasonably interpreted the notice as limiting eligible filers to current property owners or residents of Livingston Parish. The order is clearly not so limited and the district court correctly rejected this argument.

As to Mr. Day,[2] he argues that he did not timely file because he feared retaliation by his employer. He produced no evidence tending to substantiate his fear and the district court was entitled to reject this excuse as good cause to file a late proof of claim. We have considered the other arguments made by Mr. Day, and find them meritless.

B.

We now turn to Mr. Tessier's appeal. In response to the district court's order regarding late proof of claim requests, Mr. Tessier informed the district court by letter that he is a land owner who qualifies as a class member[3] and that he had not received

---

[2] Day's brief lists seven members of the Day family as appellants. However, we treat the brief as being submitted only on behalf of John H. Day, Jr. because only John, Jr. signed the brief. Parties appearing pro se must sign the documents they file. See Local Rule 28.6; Robinson v. National Cash Register Co., 808 F.2d 1119, 1128 (5th Cir. 1987)(stating "a party appearing pro se must sign the documents he files").

[3] Class members include "all persons or entities who or which own real or personal property and/or live and/or operate places of business . . . in Livingston Parish, Louisiana . . . ."

any notification of the suit until contacted after the December deadline by an appraiser hired by one of the plaintiff attorneys:

> Despite the fact that for more than 20 years I have owned over 100 acres of land less than one-quarter mile downstream form the pollution source, no person notice was sent to me regarding this lawsuit. I understand that notice was given in the newspapers, but I have not seen any notices in the Advocate. I do not read any newspapers from Livingston Parish.

Mr. Tessier also attached a map of Livingston Parish that shows the location of his property in relation to the Superfund site. The court acknowledged receipt of this letter and instructed Mr. Tessier to appear before the court on September 27, 1995.

At the hearing, Mr. Tessier stated that "his name and address are readily ascertainable and [that] due process requires personal notice when addresses are readily ascertainable through the public records." The court disagreed without discussion and issued an order dismissing the request and stating "this Court found that notice was reasonable and adequate in compliance with due process requirements . . . ."

Federal Rule of Civil Procedure 23(c)(2) provides "[i]n any class action maintained under subdivision (b)(3), the court shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort . . . ." FED. R. CIV. P. 23(c)(2). In Eisen v. Charlisle & Jacquelin, the Supreme Court held "the import of this language is unmistakable.

6

Individual notice must be sent to all class members whose names and addresses may be ascertained through reasonable effort." Eisen, 471 U.S. at 173; See also In re Nissan Motor Corp. Antitrust Litigation, 552 F.2d 1088, 1097 (5th Cir. 1977)(stating that publication is not a substitute for personal notice if the individual's name and address were ascertainable through reasonable efforts).

Mr. Tessier argues that his name and address were readily discernable from the public records of Livingston Parish. If reasonable effort would have uncovered his name and address, Mr. Tessier did not receive the personal notification to which he is entitled. Moreover, if he did not receive personal notification to which he is entitled, this amounts to good cause for not filing a timely proof of claim. Because it is not clear from the district court's order that the Eisen standard was applied or whether reasonable effort would have uncovered Mr. Tessier's name and address, we remand this case to the district court to make such a determination and for further proceedings. Specifically, the district court's inquiry should be whether reasonable effort would have included a search of any public records that contain Mr. Tessier's name and address. If so, Mr. Tessier should be permitted to file a late proof of claim and take part in the litigation.

### III.

For the reasons stated above, we affirm the district court's order denying Mr. Johnson, Mrs. Cogley and Mr. Day's requests to

7

file late claims.  However we vacate the order denying Mr. Tessier's request and remand this case to the district court for further proceedings.

AFFIRMED, VACATED and REMANDED.

8