hYELVERTON, Judge.
This appeal complains of the improper erasure of the inscription of a judicial mortgage. The appellant is the judgment-creditor. The appellant contends that, because the judgment has not been paid in its entirety and the judgment-debtor is still liable on the *342 debt, the district court erroneously ordered the erasure. We agree that the erasure of the judgment was error and reverse.
In 1995 Faye Dantzler, d/b/a Lock and Leave Mini-Storage (Dantzler) obtained a judgment for $50,000.00 and legal interest against Gilchrist Construction ^Company, a Louisiana partnership. Dantzler filed the judgment in the mortgage records of Rapides Parish.
A judicial mortgage is created by filing a money judgment with the recorder of mortgages. La.Civ.Code arts. 3299 and 3300. Thus, Dantzler has a judicial mortgage on the property of Gilchrist Construction Company by virtue of the filing of her 1995 judgment in the mortgage records.
In 1996 David Randall Gilchrist, one of the partners of Gilchrist Construction Company, paid $43,681.51, which was one-half of the judgment and interest, into the registry of the court. This payment was withdrawn by Dantzler and applied to the judgment balance by means of a consent decree signed by the trial court. The consent decree ordered the clerk of court to cancel and erase the inscription of the judgment “insofar and only insofar” as the judgment extended to the liability of David Randall Gilchrist individually or as a partner in Gilchrist Construction Company. The remaining one-half of the debt has not been paid.
Gilchrist Construction Company and David Randall Gilchrist filed a rule to have the judgment erased in its entirety. Dantzler opposed the rule. The argument of the moving parties for erasure of the judgment in its entirety seems to have been based on two facts. These two facts were, first, that the partnership had two partners, David Randall Gilchrist and John H. Gilchrist, and second, that John took bankruptcy in 1991. The trial judge, ruling that the judgment should be erased in its entirety, signed a judgment ordering the clerk of court “to cancel and erase the judgment insofar as it affects DAVID RANDALL GILCHRIST, GILCHRIST CONSTRUCTION COMPANY, a Louisiana partnership, and GILCHRIST CONSTRUCTION |,COMPANY, INC.” In its reasons for judgment the trial court found that “the [1995] judgment against John H. Gilchrist [the bankrupt] is not canceled against him personally.” The above quotations in this paragraph make up the substantive language of the judgment from which this appeal is taken.
The precise issue before us is whether the judicial mortgage was properly erased in its entirety. To get this issue in the right perspective, we note that Dantzler’s judgment js against only one party, Gilchrist Construction Company, the partnership. The judgment does not mention David Randall Gilchrist, John H. Gilchrist, or Gilchrist Construction Company, Inc., a corporation. Thus, the erasure of the judicial mortgage as it affected these three latter parties was pointless, accomplishing nothing, because there was no inscription of a judicial mortgage against them to erase. There are seven methods of extinction of a mortgage listed in La.Civ.Code art. 3319; on the record before us, none apply to the partnership, the judgment-debtor in this case. Thus, half of the money judgment having been paid, and the other half remaining unpaid, the issue before us is whether the inscription should have been erased in its entirety.
We are uncertain why the judicial mortgage was erased as to the partnership. Perhaps it was because of a mistaken identification of the partnership with its partners. If so, this was error. A partnership is a juridical person, distinct from its partners. La.Civ.Code art. 2801. A partnership has the procedural capacity to be sued in its partnership name. La.Code Civ.P. art. 737. A partnership is primarily liable for its debts; the partners are secondarily liable. La. Civ. Code art. 2817. If a partnership terminates, it nevertheless retains its juridical personality for the purpose of liquidation.
|4The partnership alludes in its brief to the causes for its termination (the bankruptcy of one partner in 1991 and the consequent reduction of its membership to one person) as a suggestion that it has ceased to exist, but the record belies that notion: the partnership was vigorously defending this lawsuit before a jury in 1995, and it is still prosecuting its efforts on appeal to have the judgment against it erased from the public *343 records. If a cause for termination arises, a partnership does not have to terminate but may continue as provided by law. La.Civ. Code arts. 2826, 2827, and 2828. Even if it does not continue as provided by law, the partnership retains its juridical existence for purposes of liquidation. Because there is at least one debt that it still owes, the partnership retains its juridical identity as a separate person from its partners.
La.R.S. 9:5180.8, pertaining to erasure or cancellation of mortgages, authorizes a clerk of court to mention a partial release on the margin of the recorded judgment but “he shall not erase it entirely, until the whole debt, for which it was given, shall have been discharged.” The record clearly establishes that only half the debt has been discharged. A partial release may have been appropriate, but the inscription should not have been erased in its entirety.
Two other matters need mention, albeit briefly and without elaboration. First, Gilchrist Construction Company, Inc., a corporation, has filed a motion to supplement the record and a motion to dismiss the appeal. The corporation is not a party in these proceedings, and its motions cannot be considered. Second, Dantzler asks us on appeal to reserve her rights against the corporation. The reservation of whatever rights she may possess against the corporation, as to which she does not have |5a judgment, is not an appropriate subject to be taken up on this rule, the limited purpose of which was to erase the inscription of a judicial mortgage.
For the reasons assigned, we reverse the judgment of the district court. Gilchrist Construction Company, the appellee, will pay the costs of this appeal.
REVERSED.