I,YELVERTON, J.
Fay Dantzler, d/b/a Lock and Leave Mini-Storage (Dantzler), appeals the dismissal of a petition for declaratory judgment she filed against Gilchrist Construction Company, Inc. Attempting to collect on a money judgment she holds against Gilchrist Construction Company, a partnership, Dantzler sought a judgment declaring Gilchrist Construction Company, Inc., a corporation, a successor in liability to the partnership and therefore liable for its debts.
This is the second time these parties have been before this court in a matter involving the collection of this judgment. The first time, Dantzler complained of the improper erasure of the inscription of a judicial mortgage. The mortgage was inscribed when Dantzler obtained a judgment in 1995 for $50,000 and legal interest against Gilchrist Construction Company, the partnership. In 1996 David Randall Gilchrist, one of the partners of Gilchrist Construction Company, paid $43,681.51, which was one-half of the judgment and interest (the judgment bore interest from 1988), into the registry of the court. A consent decree ordered the clerk of court to cancel and erase the judgment insofar as it extended liability to David Randall Gilchrist individually, or as a partner. The second partner, John H. Gilchrist, had taken bankruptcy in 1991. Gilchrist Construction Company and David Randall Gilchrist filed a rule to have the judgment erased in its entirety. The trial court ordered the judgment erased in its entirety as to David Randall Gilchrist individually, the partnership, and the corporation. Dantzler appealed, and this court reversed. We held that the judicial mortgage should not have been erased against the partnership because the whole debt had not been discharged and the partnership, the only judgment debtor, was still in existence. Dantzler v. Gilchrist Co., 97-843 (La.App. 3 Cir. 12/10/97), 704 So.2d 341. We observed that the erasure of the inscription | ¡.against others, including the corporation, accomplished nothing because the judgment was not against anyone except the partnership. Id. We declined to entertain motions filed by the corporation, as it was not a party to the rule to erase the inscription of a judicial mortgage; we likewise declined to “reserve” whatever rights Dantzler might have had against the corporation, as that was not an appropriate subject to be taken up on the rule to erase the inscription. Id.
Thereafter, seeking to collect the remainder of the judgment, Dantzler filed a petition for a declaratory judgment asserting that the corporation was the successor of the partnership and therefore assumed its liabilities, Dantzler asserted in its petition that the partnership was not liquidated but that many, if not all, of the affairs of the partnership were simply merged into or absorbed by the corporation. In response, the corporation filed declinatory exceptions as well as peremptory exceptions, including res judicata.
A hearing on the exceptions was held on May 17, 1999. The trial court in written reasons found that there could be no successor Lability since the partnership still existed. The petition for declaratory judgment was dismissed. Dantzler now appeals that judgment.
We affirm the dismissal but for different reasons. We find that the present action against the corporation is barred by res judicata.
The history of this litigation goes back nearly 13 years when Dantzler filed a petition for redhibition and damages in May 1988. That suit was based on a sale and construction contract. That suit included the corporation as a defendant. On April 27, 1989, the corporation was dismissed with prejudice by consent of all the parties. The consent judgment itself recited its factual basis: The corporation was not in existence when the sale and construction contract was entered into.
*1112 |3Later, in a separate proceeding, while the redhibition and damage suit was still pending, Dantzler filed a petition to annul the consent judgment dismissing the corporation. In that suit, filed on April 6, 1994, Dantzler claimed that the consent judgment was based on factual error; and that subsequent discovery indicated that the corporation was the direct successor to the partnership and liable to petitioner for its losses. In response, the corporation filed the exception of failure to state a cause of action for the nullification of the consent judgment. After a hearing on the exception on August 17, 1994, the trial court granted the exception and dismissed Dantzler’s petition for nullification. Dant-zler was given ten days to amend her petition to state a cause of action. She did not amend nor did she appeal the judgment.
In 1995 the suit for redhibition and damages that had been filed in 1988 went to trial. A jury verdict for Dantzler gave rise to the money judgment, half of which was paid in 1996 and the other half of which she is still trying to collect.
The consent judgment of 1989 is subject to rules governing res judicata before the amendments in 1991. If no other judgment had intervened, her present action would not be barred by res judicata because she has asserted a new cause of action based on the concept of successor liability. However, her petition for nullification filed in 1994 raised the issue of successor liability, so that suit is subject to the 1991 amendments governing res judi-cata found in Louisiana Revised Statute 13:4231.
Dantzler’s present action for a declaratory judgment that the corporation is the successor to the partnership for liability purposes arises out of the transaction or occurrence that was the subject matter of the 1994 action asserted in the petition for nullification. Dantzler’s 1994 action, though styled a Petition For Nullification, sought to limit the preclusive effect of the 1989 consent judgment to its adjudication that the corporation had no direct involvement with the original sale and construction |4contract. The petition sought a ruling that an action based on successor liability for the partnership’s debts arising out of that construction contract survived the consent decree. The trial court held that based on the allegations of the petition Dantzler had not stated a cause of action as a matter of law. She did not appeal the judgment. Her present claim is therefore barred by res judicata.
For these reasons the judgment dismissing Dantzler’s suit for declaratory judgment is affirmed. Costs of this appeal are assessed to Fay Dantzler, d/b/a Dantzler’s Lock & Leave Mini Storage.
AFFIRMED.