634 So.2d 4 (1994)
VENTURE ASSOCIATES INC. OF LOUISIANA, et al., Plaintiffs,
Venture Assoc. Inc. of LA, Appellant,
v.
TRANSPORTATION UNDERWRITERS OF LA., et al., Defendants,
Nicolls Pointing Coulson, Ltd. & C.A. Parr Agencies, Inc., Appellants.
No. 93-539.
Court of Appeal of Louisiana, Third Circuit.
March 2, 1994.
Opinion Granting Rehearing in Part April 7, 1994.
*5 Ian Alexander Macdonald, Lafayette, for Venture Associates Inc. of Louisiana.
Michael McGinnis, Destin, FL, for Transportation Underwriters of Louisiana.
Roger Phipps, New Orleans, Robert Edwin Torian, Lafayette, for Gulfland Ins. Service & Doug Tracy.
Robert Wickliffe Fenet, Lake Charles, for Nicolls Pointing Coulson, Ltd.
William C. Rowe Jr., Baton Rouge, for Broussard, Bush Blumbert & Hurst.
Richard Lee Seelman, New Orleans, for C.A. Parr (Agencies) Ltd.
Before DOUCET, YELVERTON and SAUNDERS, JJ.
YELVERTON, Judge.
This is an appeal from the granting of an exception of no cause of action. We find that a cause of action has been stated, reverse, and remand for further proceedings.
Venture Associates, Inc. of Louisiana (Venture) filed a petition for a declaratory judgment naming as defendants Transportation Underwriters of Louisiana, Inc. (Transportation) and certain underwriters at Lloyd's (Lloyd's). It alleged in its petition that it was a service company in the oil business doing business both onshore and offshore. It alleged that in 1988 the defendants had covered Venture's insurance needs with policies which they were threatening to cancel because of misrepresentations of fact in the application in 1989. The original petition sought a judgment declaring the contracts of insurance valid. By several amending petitions, additional defendants were added. Two groups of new defendants were the insurance brokers who acted on Venture's behalf leading up to the procurement of the policies. One group was Doug Tracey and Gulfland Insurance Service, Inc. We will call this group "Gulfland". The other group was made up of Don Broussard and his agency, Broussard, Bush, Blumberg & Hearst, which we will refer to as "Broussard". Venture's pleadings alleged that Gulfland, acting as Venture's broker, provided erroneous information to prospective insurers and underwriters as to the nature and extent of maritime work involved in Venture's business. The petitions alleged that Broussard, also acting as Venture's broker, relied on the information supplied by Gulfland, and solicited quotes for insurance business for Venture. The petition alleged that Venture did not learn until the coverage was denied in 1989, that the information provided was erroneous. In essence, the petition alleged that Gulfland was negligent in submitting erroneous information and that Broussard was negligent in relying on that information without checking it. The petition alleged that the insurance was placed at a time when in fact Gulfland was not the insurance agent for Venture but Broussard was the true agent. Nevertheless, there is an allegation that both Gulfland and Broussard as "the agents" breached their contractual duty to Venture.
Nicolls Pointing Coulson, Ltd. (Nicolls) and C.A. Parr (Agencies), Ltd. (Parr), a London insurance broker and underwriting agency, respectively, filed cross-claims against Gulfland and Broussard. This cross-claim largely tracked the language of the amending petitions of Venture, with regard to the involvement *6 of Gulfland and Broussard. The cross-claimants alleged that the cross-claim defendants negligently provided and/or relied on erroneous information with regard to the payroll figures and the types of business and work performed by Venture, particularly as it related to offshore activities. The cross-claimants pleaded that they relied on this erroneous information when they agreed to underwrite coverage. They alleged that they were damaged thereby, and prayed for judgment against the defendants in cross-claim for any damages for which they might be cast in the suit by Venture against them.
To the claims of Venture and the cross-claims of Nicolls and Parr, Gulfland filed an exception of no cause of action, as well as an exception of prescription. The trial judge maintained the exception of no cause of action and dismissed the petition and the cross-claims as to these defendants.
The trial court "found" that two agents, Gulfland and Broussard, were both seeking to obtain insurance coverage for Venture. The court found that Venture informed Gulfland that it did not desire Gulfland to act as its agents any longer and that, therefore, Gulfland terminated its dealings with Venture and Broussard ultimately placed the insurance for Venture. We quote from the trial court's further reasons for judgment:
The court is called on to determine if Gulfland owed an ongoing duty to Venture. Gulfland, in support of its exception of no cause of action, argues that their relationship with Venture ended midstream. When the relationship ended, the duty ended. Venture, Broussard, Transportation, C.A. Parr and Nicolls argue that Gulfland's duty should be ongoing and they should be held responsible for supplying the allegedly inaccurate information and for setting in motion the ultimately damaging relationship.
The court finds that Gulfland did not have an ongoing duty to Venture and/or the defendants. Gulfland was told by Venture that Venture no longer desired them to act as their insurance agent. Therefore, they promptly closed their file on Venture. Gulfland was not put in the situation of or given the opportunity to update their information or verify that it was correct. Gulfland did not ultimately place the insurance; Broussard did.
The trial court construed the petitions as stating that at some point before the policies were issued, Gulfland and Venture's brokerage relationship ended. The trial court believed that the cessation of that relationship also ended any duty owed by Gulfland, including responsibility for any tortious acts done while the relationship existed. We disagree.
The purpose of the peremptory exception raising the objection of no cause of action is to determine the legal sufficiency of the petition. No evidence may be offered at any time to support or controvert the exception. La.Code Civ.P. art. 931. The exception is tried on the face of the pleadings and the court accepts the facts alleged in the petition as true, determining whether the law affords relief to plaintiff if those facts are proved at trial. The exception must be overruled unless the plaintiff has no cause of action under any evidence admissible, based upon the pleadings. La.Code Civ.P. art. 927; Robinson v. North American Royalties, Inc., 470 So.2d 112 (La.1985); Smith v. Cole, 553 So.2d 847 (La.1989). When the grounds of the exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment. La. Code Civ.P. art. 934. Barrie v. V.P. Exterminators, Inc., etc., 625 So.2d 1007 (La.1993).
The pleadings do not state a definite time when the relationship between Venture and Gulfland ended. Even if they had, however, we do not regard that as having any ultimate effect on whether a cause of action has been stated against Gulfland for damages in this case. The pleadings state that at the time Gulfland negligently supplied wrong information to prospective insurance bidders, there was a business relationship between Gulfland and Venture. Gulfland was acting on Venture's behalf as well as its own. The trial court implicitly recognized that Gulfland owed a duty to Venture while their relationship existed. As Venture's insurance agent, Gulfland owed Venture the duty to supply prospective insurance bidders with correct information about Venture's business. The *7 pleadings allege that Gulfland supplied wrong information, and that Venture was damaged.
Louisiana is a jurisdiction which allows recovery in tort for purely economic loss caused by negligent misrepresentation where privity of contract is absent. Barrie, at p. 1014. The approach of the appellate courts in this state in the negligent misinformation cases has been to integrate the tort doctrine into the duty/risk analysis. For the cause of action to arisewhether plaintiff is a third party or a party to the contract or transactionthere must be a legal duty on the part of the defendant to supply correct information, there must be a breach of their duty, and the breach must have caused plaintiff damage. Id., at p. 1015.
There is no reason why Gulfland's exposure should be affected by the cessation of the relationship that existed between it and Venture after the tort was committed. That another party, Broussard, committed an equal or greater transgression by adopting, without checking for accuracy, the misinformation earlier supplied by Gulfland, neither supplants nor excuses the negligence of Gulfland. The pleadings allege that Gulfland negligently obtained and communicated misinformation about Venture's business to prospective insurance bidders, that these bidders relied on that information in submitting their bids, which were accepted by Venture, and that Venture and the insurers were thereafter damaged as a result of the misinformation. These allegations sufficiently allege the breach of a duty and resulting damages against the defendants in the main demand and the defendants in cross-claim. The judgment of the trial court granting the exception of no cause of action is reversed and set aside, and the case is remanded to the trial court for further proceedings.
Costs of the appeal are assessed to appellees equally.
REVERSED AND REMANDED.

ON REHEARING
PER CURIAM.
We grant Gulfland Insurance Services, Inc.'s application for rehearing solely to explain why we do not consider the appeal of Venture Associates, Inc., to have been abandoned.
Venture as one of the appellants never filed a brief in this case. As discussed in oral arguments, this court failed to give Venture notice that its appeal would be abandoned if it did not file a brief within 30 days as provided for in Louisiana Rules of Court, Uniform RulesCourts of Appeal, Rule 2-8.6. After oral arguments, Venture mailed a letter to this court stating that it did not file a brief in this matter and never intended to file a brief; rather, it intended to adopt the arguments set forth in Nicolls Pointing Coulson, Ltd.'s original brief. The letter indicated that Venture had not abandoned its appeal.
This court will not lay the fault for the court's failure to follow its own rules on a party. Since we failed to give the required notice to Venture, and since it has indicated it never intended to abandon its appeal, we do not consider its appeal abandoned.