664 So.2d 598 (1995)
Ottis LEWING, dba Lewing Testers, Plaintiff-Appellant,
v.
SABINE PARISH POLICE JURY, et al., Defendants-Appellees.
No. 95-630.
Court of Appeal of Louisiana, Third Circuit.
November 2, 1995.
*599 Henry Cole Gahagan, Jr., for Ottis Lewing dba Lewing Testing & Oilfi.
Harold Wayne Aswell, for Civil Design.
Andrew Parker Texada, for Huntingdon Engineering fka Southwestern.
Before YELVERTON, DECUIR and PETERS, JJ.
YELVERTON, Judge.
This is an appeal from judgments maintaining exceptions of prescription. The issue on appeal is whether Civil Design, Inc. and Huntingdon Engineering and Environmental, Inc. (formerly Southwestern Laboratories), are solidarily liable with the Sabine Parish Police Jury so that suit filed against the police jury interrupted prescription against Civil Design and Huntingdon. The trial court found that the parties were not solidarily liable and granted Civil Design's and Huntingdon's exceptions of prescription.
The underlying facts that give rise to this suit are as follows. Ottis Lewing, doing business as Lewing Testing and Oilfield Services (Lewing), on August 16, 1989, entered into a contract with the police jury for the construction of part of the Sabine Parish Landfill. Civil Design was the police jury's engineer on the project. Civil Design retained Huntingdon to perform geotechnical testing before and during construction. Work on the project began on September 12, 1989.
On October 6, Huntingdon informed the police jury that the liner material used by Lewing failed to meet permeability specifications as required by the Department of Environmental Quality (DEQ). On December 4, Lewing commenced the remedial work necessary to complete the landfill in accordance with DEQ requirements. Construction was completed on February 12, 1990.
On June 8, 1990, Lewing filed the present suit against the police jury for breach of contract seeking payment of what was due under the contract. The suit additionally made demands for remedial work and attorney's fees.
The police jury filed a third party demand against Civil Design on October 8, 1993. After the third party demand was filed, Lewing amended his petition to add Civil Design and Huntingdon as defendants on January 18, 1994. Both Civil Design and Huntingdon filed exceptions of prescription and no cause of action. The trial court granted the exceptions of prescription and dismissed Lewing's demands against both parties. Ottis Lewing died on May 11, 1994, and Charlotte Lewing was substituted as representative of his succession. The succession appealed.

PRESCRIPTION
The issue is whether Civil Design and Huntingdon are solidarily liable with the police jury. Since Lewing's action against Civil Design and Huntingdon is based on tort, the one-year prescriptive period would apply to them and not the ten-year prescriptive period for breach of contract which applies to the police jury. La.Civ.Code arts. 3492 and 3499.
Suit against one solidary obligor interrupts prescription as to other solidary obligors. La.Civ.Code art. 3503; Younger v. Marshall Industries, Inc., 618 So.2d 866, 868 (La.1993). Lewing's suit against the police jury interrupted prescription as to that defendant. The running of prescription against Civil Design and Huntingdon was interrupted only if they were solidarily liable with the police jury.
The burden of proof is normally on the party pleading prescription. If on the face of the petition it appears that prescription *600 has run, the burden shifts to the plaintiff to prove a suspension or interruption of the prescription. Id.. If the plaintiff's basis for claiming interruption of prescription is solidary liability between two or more parties, then the plaintiff bears the burden of proving that solidary relationship. Id.
Where plaintiff's allegations in the petition and amending petition have not been controverted at a hearing on the exception of prescription, the court must look to the petition to see whether plaintiff has carried the burden of proof showing that prescription was interrupted on the basis of solidary liability between the parties, and the test is whether the alleged facts, if accepted as true, are sufficient on their face to establish that the timely sued defendant and untimely sued defendants are solidarily liable. Vincent v. Tusch, 618 So.2d 385 (La.1993).
Lewing argues that the police jury, Civil Design and Huntingdon are solidarily liable for damages resulting when he was compelled to perform the remedial work. Lewing argues that a solidary obligation is not precluded because the police jury may be liable for contract payments in addition to damages for remedial work. We agree.
Solidary liability, which will interrupt prescription against one defendant when others are sued, does not require that defendants share liability for the whole of the plaintiff's damages. Defendants are solidarily liable for the purpose of interrupting prescription as long as they share coextensive liability to repair certain elements of the same damage. Id.; Williams v. Sewerage & Water Bd. of N.O., 611 So.2d 1383 (La.1993). An obligation may be solidary though it derives from a different source for each obligor. La.Civ.Code art. 1797.
Therefore, the fact that one claim is based on a contract and the other two claims are based on tort make no difference. It also makes no difference that the police jury may be liable for damages over and above damages for which Civil Design and Huntingdon may be liable.
In reviewing Lewing's original petition he claimed that the police jury was liable for $164,871.69 as damages for the remedial work performed during the period from December 8, 1989, through February 20, 1990. In the supplemental and amending petition, Lewing claimed that the negligence of both Civil Design and Huntingdon was also a cause of Lewing having to perform the remedial work, and he asked for damages in the amount of $164,871.69 from these defendants. The petition listed specific acts of these parties which allegedly were negligent causes of Lewing's damages. Based on these alleged facts contained in the petitions, and assuming that they are true, we find that Lewing has sufficiently established for prescription purposes that the Sabine Parish Police Jury, Civil Design and Huntingdon were solidarily liable for the remedial damages of $164,871.69.
The trial court erred in granting the exceptions of prescription. The judgments are reversed, and the case is remanded for further proceedings. Costs of this appeal are assessed equally to Civil Design, Inc., and Huntingdon Engineering and Environmental, Inc.
REVERSED AND REMANDED.