**P.J. HAHN**

v.

**The CITY OF KENNER, et al.**

**No. Civ.A. 96–2425.**

United States District Court, E.D. Louisiana.

March 17, 1998.

---

1. *See, e.g., Brown v. Mayfield,* 488 So.2d 322    (La.Ct.App. 3d Cir.1986).

William Joseph Larzelere, III, Tamara Kluger Jacobson, Robert G. Harvey, Sr., & Associates, New Orleans, LA, William Patrick Klotz, Jr., New Orleans, LA, Ann Comerio, Plunkett & Gibson, Inc., San Antonio, TX, Robert G. Harvey, Sr., Harvey, Jacobson & Corrington, New Orleans, LA, for P. J. Hahn.

Gerald Joseph Nielsen, Muriel O. Van Horn, Susan Annette Weldon, Nielsen Law Firm, Metairie, LA, James H. Brown, Jr., Edward F. Kohnke, IV, Frilot, Partidge, Kohnke & Clements, L.C., New Orleans, LA, for Kenner City.

Thomas P. Anzelmo, Campbell, McCranie, Sistrunk, Anzelmo & Hardy, Metairie, LA, Gerald Joseph Nielsen, Muriel O. Van Horn, Susan Annette Weldon, Nielsen Law Firm, Metairie, LA, James H. Brown, Jr., Edward F. Kohnke, IV, Frilot, Partidge, Kohnke & Clements, L.C., New Orleans, LA, Salvador Anzelmo, Salvador Anzelmo Law Office, New Orleans, LA, for Louis Congemi.

Philip J. Boudousque, Law Offices of Philip J. Boudousque, Metairie, LA, Gerald Joseph Nielsen, Muriel O. Van Horn, James H. Brown, Jr., Edward F. Kohnke, IV, Frilot, Partidge, Kohnke & Clements, L.C., New Orleans, LA, for Nick Congemi.

Philip J. Boudousque, Law Offices of Philip J. Boudousque, Metairie, LA, Gerald Joseph Nielsen, Muriel O. Van Horn, Susan Annette Weldon, Nielsen Law Firm, Metairie, LA, James H. Brown, Jr., Edward F. Kohnke, IV, Frilot, Partidge, Kohnke & Clements, L.C., New Orleans, LA, for Anthony Lombard.

H. Alston Johnson, Phelps, Dunbar, L.L.P., Baton Rouge, LA, Harry A. Rosenberg, Maria Nan Alessandra, Phelps, Dunbar, L.L.P., New Orleans, LA, Thomas Glenn

Buck, Robert Edward Williams, IV, Blue, Williams, L.L.P., Metairie, LA, for Ken Hollis.

Ann Comerio, Plunkett & Gibson, Inc., San Antonio, TX, for Tom Brundage.

Clement Peter Donelon, Metairie, LA, for Bruce Lizana, Clement P. Donelon.

## ORDER AND REASONS

FALLON, District Judge.

The Court has before it four motions for summary judgment. The first two are motions by Kenner Chief of Police Nick Congemi ("Chief Congemi") and by State Senator Kendrick Hollis ("Sen. Hollis") for summary judgment dismissing P.J. Hahn's claims for defamation. The third is a motion by Kenner Mayor Louis Congemi ("Mayor Congemi") for summary judgment on his counterclaim for defamation, and the fourth is a motion by Kenner Police Officer Anthony Lombard ("Officer Lombard") and Chief Congemi for summary judgment as to their counterclaim for abuse of process.[1] Because the Court finds that no genuine issue of material facts exist in regards to Hahn's claims against Sen. Hollis and Chief Congemi for defamation, their motions for summary judgment are HEREBY GRANTED. Because the Court finds that the counterclaimants have not met the requirements for summary judgment, the motions filed by Mayor Congemi, Chief Congemi, and Anthony Lombard for summary judgment are HEREBY DENIED.

## I. BACKGROUND

Hahn filed suit in state court on June 26, 1996, alleging a series of actions by the defendants from August 24, 1995 onward that violated both his federal and state rights. Hahn contended that: 1) on August 24, 1995 Officer Lombard, acting on orders from Chief Congemi, arrested Hahn without probable cause; 2) Hahn was then unlawfully detained after his arrest and was released only upon posting an excessive bond; 3) Chief Congemi and his brother Louis Conge-

1. Officer Lombard and Chief Congemi have not moved for summary judgment on their other counterclaims, defamation and intentional infliction of emotional harm.

mi (later to become Mayor Congemi) delayed and otherwise interfered with Hahn's criminal proceedings; and 4) Chief Congemi, Mayor Congemi, and Sen. Hollis defamed Hahn by divulging false information about the circumstances surrounding his arrest. Hahn sought relief from Officer Lombard under 42 U.S.C. § 1983,[2] and from the Congemis and Sen. Hollis under both 42 U.S.C. § 1983 and state defamation law. Officer Lombard and Chief Congemi counterclaimed for abuse of process, defamation, and intentional infliction of emotional harm. Mayor Congemi counterclaimed for defamation.

In open court on July 7, 1997, the Court granted Mayor Congemi's motion for summary judgment. By Order and Reasons of August 28, 1997, the Court denied reconsideration of its dismissal of Mayor Congemi. The Court found that Officer Lombard had probable cause to arrest and detain Hahn and that Officer Lombard was entitled to summary judgment. The Court ruled that Hahn suffered no violation of his constitutional rights, that the alleged words or actions of Chief Congemi could not therefore have deprived Hahn of any constitutional right, and that Chief Congemi was thus entitled to summary judgment on Hahn's 42 U.S.C. § 1983 claims against him.[3]

The Court denied Chief Congemi's motion for summary judgment as to his allegedly defamatory statements regarding Hahn. Hahn asserted that on March 4, 1996, over dinner with Sen. Hollis and State Representative Glenn Ansardi ("Rep. Ansardi"), Chief Congemi defamed him by publishing false statements regarding the circumstances surrounding Hahn's arrest and the severity of the charges. Hahn contended that Chief Congemi said that Hahn had been arrested for felonies, had held his family at gunpoint, had his weapon wrestled away by the police, and had resisted arrest. Chief Congemi admitted to making statements regarding Hahn that night, but denied the content of those remarks. The Court found that Hahn raised a genuine issue of material fact in regard to

his state law defamation claim against Chief Congemi.

Lastly, Hahn claimed that Sen. Hollis defamed him during a June 6, 1996 radio show hosted by Keith Rush. After Hahn called Rush and engaged in an on-the-air dialogue with Rush in connection with Hahn's appointment to the East Jefferson Levee District Board and his subsequent failure to be confirmed, Rush called Sen. Hollis to question him about events. Sen. Hollis returned the call and allegedly told Rush and the listening audience:

> Look Keith, all I'm going to say about this is that there is no way we could put a guy on the Board that has four felonies, that has assaulted a woman in that house, held his family at bay, and when he walks out of his house, the police have to wrestle him to the ground and they almost shoot him. To me, he's dangerous to society.

(Hahn Depo. at 743.)

Hahn claimed that these remarks defamed him, and sought recovery under both 42 U.S.C. § 1983 and state defamation law. Sen. Hollis disputed the accuracy of Hahn's version, but accepted Hahn's account for the purpose of his motion for summary judgment. On October 20, 1997 the Court ruled that Hahn was a limited purpose public figure, at least for the purpose of Sen. Hollis' comments on Keith Rush's radio show, and thus that Hahn would need to show actual malice by Sen. Hollis to prove defamation. The Court found that Hahn had not presented evidence that would allow a reasonable jury to find actual malice by clear and convincing evidence, but the Court allowed Hahn to depose Sen. Hollis for the limited purpose of seeking evidence tending to show possible malice with regard to the June 6, 1996 comments. The Court granted summary judgment as to Hahn's § 1983 claims. The Court denied summary judgment on Hahn's state law defamation claim, but reserved Sen. Hollis' right to reurge summary judgment after the deposition.

---

**2.** Hahn also attempted to hold Kenner liable, primarily for the actions of the individual defendants.

**3.** The Court also dismissed all claims against Kenner, and later denied Hahn's motion for reconsideration.

On November 20, 1997, counsel deposed Sen. Hollis. Apparently misunderstanding the Court's Order and Reasons and the scope of the deposition that the Court intended, Hahn subsequently complained that he had been prevented from proper inquiry and moved this Court to compel further discovery from Sen. Hollis. The Court found that Sen. Hollis answered all the questions properly within the scope of the Court's order and that Sen. Hollis' counsel had properly enforced a limitation on evidence directed by the Court. The Court denied Hahn's motion to compel further discovery and gave Hahn adequate time to file an opposition to Chief Congemi and Sen. Hollis' motions for summary judgment as to Hahn's remaining claims. Their motions, as well at the motions for summary judgment on the counterclaims, were taken under submission and are now ripe for review.

## II. ANALYSIS

The issues before the Court are whether Chief Congemi and Sen. Hollis are entitled to summary judgment on Hahn's outstanding defamation actions and whether Mayor Congemi, Officer Lombard, and Chief Congemi are entitled to summary judgment as to their counterclaims.[4]

Summary judgment will be granted only if the pleadings, depositions, answers to the interrogatories, and admissions, together with affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *See* Fed.R.Civ.P. 56. In this analysis, the Court must view the facts and inferences from the evidence in the light most favorable to the non-moving party. *See Crescent Towing v. M/V Anax,* 40 F.3d 741, 743 (5th Cir.1994). Once the moving party has demonstrated that there is no genuine issue of material fact, the burden shifts to the non-moving party to prove that there is a genuine issue of material fact. *See Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The non-moving party may not depend solely on denials contained in the pleadings, but must submit specific facts. *See* Fed.R.Civ.P. 56(e). Mere conclusory rebuttals by the non-moving party will not defeat a motion for summary judgment. *See Topalian v. Ehrman,* 954 F.2d 1125, 1131 (5th Cir.1992), *rehg' denied,* 961 F.2d 215 (5th Cir.1992), *cert. denied* 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992). Moreover, if the factual context makes the non-moving party's claims implausible, the party must come forward with more persuasive evidence than would otherwise be necessary to show a genuine issue of material fact. *See Matsushita Elec.,* 475 U.S. at 587, 106 S.Ct. at 1356.

### 1. Hahn's Defamation Claim Against Chief Congemi

■ The Court, via the August 28, 1997 Order and Reasons, allowed Hahn's defamation claim to proceed notwithstanding that it rested "on extremely shaky factual support." The new evidence presented for the Court has removed even this sparse foundation, and left no remaining genuine issue of material fact.

The only known witnesses to Chief Congemi's allegedly defamatory remarks were Sen. Hollis, Rep. Ansardi, and Chief Congemi himself. Chief Congemi and Sen. Hollis was deposed, and Rep. Ansardi, a supporter of Hahn's attempt to be confirmed to the Levee Board, (Ansardi Aff.), filed an affidavit.

Chief Congemi stated in his deposition that he told Sen. Hollis that Hahn "had been arrested in the City of Kenner for a domestic disturbance, and that he had a gun in his hand, and the officer had to draw his gun and order [Hahn] to drop his. And I told him that he had been charged with battery and aggravated assault." (Chief Congemi Depo. at 291.) Chief Congemi unequivocally denied telling Sen. Hollis that Hahn had to be wrestled to the ground or saying anything to Sen. Hollis that would have lead him to interpret that Hahn resisted arrest. (*Id.* at 292.) While admitting that he did not specify that the arrest was for a misdemeanor, he denied using the term "felony." (*Id.* at 293.)

---

4. Again, Officer Lombard and Chief Congemi have not moved for summary judgment on all three counterclaims, only on their abuse of process counterclaim.

Sen. Hollis stated that Chief Congemi "told me that [Hahn] had four (4) criminal charges pending against him," (Hollis Depo. at 53), and that these charges "involved something to do with domestics. It was something to do with a domestic disturbance or something. I don't recall whether he said domestic violence or a domestic disturbance or whatever, but there were four (4) criminal charges pending against him." (*Id.* at 55.)

Rep. Ansardi specified that "at no time during the conversation did Chief Congemi ever use the word, 'felony'" or "claim that Hahn pulled a gun on a police officer, or, had to be wrestled to the ground by a police officer, or, had in any way resisted arrest, or, make any of the other allegedly defamatory statements" alleged in Hahn's complaint. (Ansardi Aff.)

■ Hahn has produced no other witness who allegedly heard the remarks. Neither Hahn nor his counsel were witnesses to the conversation, and their version of Chief Congemi's remarks amount to little more than inference or hearsay. Their argument appears to be that since Sen. Hollis made remarks two months after being informed by Chief Congemi of the circumstances surrounding Hahn's arrest, Chief Congemi's initial comments must have been defamatory. The only evidence on the record are denials from all three known participants to the conversation that Chief Congemi said anything about Hahn being arrested for felonies, holding his family at gunpoint, forcing the police to wrestle his weapon away, or resisting arrest—which are the basis of the allegedly defamatory remarks professed by Hahn. Maintaining an action in defamation under Louisiana law, requires a showing of "(1) defamatory words; (2) publication; (3) falsity; (4) actual or implied malice; and (5) resulting injury." *Guilbeaux v. Times of Acadiana, Inc.*, 693 So.2d 1183 (La.App. 3 Cir.1997); *see also Heflin v. Sabine Assoc. of Retarded Citizens*, 685 So.2d 665 (La.App. 3

Cir.1996). As no reasonable jury could find that these elements were met, Chief Congemi is entitled to summary judgment.

### 2. Hahn's Defamation Claim Against Sen. Hollis

As detailed in the Court's October 20, 1997 Order and Reasons, the only remaining issue for the Court is "whether the evidence in the record could support a reasonable jury finding that the plaintiff has shown actual malice by clear and convincing evidence." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255–56, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). The Court denied summary judgment to allow Hahn a chance to take Sen. Hollis' deposition and then show actual malice in regards to Sen. Hollis' alleged radio statements. The Court ordered the parties to "resubmit briefs of no more than ten (10) pages, solely addressing the issue of actual malice with regard to Hollis' June 6, 1996 comments." Instead, Hahn submitted only a two page opposition memorandum, containing only the conclusory allegation that "the record, as it stands now, still indicates that there are genuine issues of material fact with regard to whether the defamatory statements were made with reckless disregard for the truth." [5] Despite Hahn's failure to make any argument regarding malice or to point to a single piece of evidence that could show the reckless disregard for the truth necessary to support a finding of defamation, the Court has reviewed the record nonetheless. The Court can find nothing that even in the aggregate could provide the clear and convincing evidence Hahn needs to prevail.[6] Therefore, Sen. Hollis is entitled to summary judgment.

### 3. Mayor Congemi's Counterclaim for Defamation

Mayor Congemi's counterclaim for defamation rests solely on the statements contained in Hahn's original complaint. The Court

---

**5.** Hahn Opp. at 2. Hahn did remind the Court that he would testify that Sen. Hollis spoke of "felony" charges on the radio, and that an identified witness, Steve Hartman, and unnamed radio listeners could testify to the same. *See Id.* However, the content of Sen. Hollis' radio comments are not in dispute. For purposes of summary

judgment Sen. Hollis has stipulated to Hahn's version of the comments.

**6.** The Court provided a lengthy outline and review of Sen. Hollis' deposition in its December 15, 1997 Order and Reasons.

need look no further than the requirement of actual malice. It is undisputed that Mayor Congemi is a public figure and thus actual malice is required. In order to prevail on summary judgment, Mayor Congemi must prove that the evidence in the record could not support a reasonable jury finding *other than* that Mayor Congemi has shown actual malice from Hahn by clear .and convincing evidence. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). Because Mayor Congemi cannot meet this burden, summary judgment is denied.

### 4. Officer Lombard and Chief Congemi's Counterclaim for Abuse of Process

The essential elements for the tort of abuse of process are "(1) an ulterior purpose; and (2) a willful act in the use of the process not proper in the regular prosecution of the proceeding." *Eicke v.. Eicke,* 517 So.2d 1067, 1072 (La.App. 3 Cir.1987). In order to succeed on summary judgment, counterclaimants must show that no jury could properly find to the contrary on either of these elements. The evidence in the record prevents such a conclusion. Therefore, Chief Congemi and Officer Lombard's motion for summary judgment as to the tort of abuse of process is denied.

### III. CONCLUSION

For the foregoing reasons, Sen. Hollis and Chief Congemi's motions for summary judgment as to Hahn's claims for defamation are HEREBY GRANTED, and the motions for summary judgment filed by Mayor Congemi, Chief Congemi, and Anthony Lombard are HEREBY DENIED.