Jane F. SMOLENSKY

v.

Grover C. MCDANIEL et al.

No. CIV. A. 99–1849.

United States District Court,
E.D. Louisiana.

May 16, 2001.

Alfred J. Ferry, Alfred J. Ferry, Attorney at Law, Jefferson, LA, for Jane F Smolensky, plaintiff.

Robert K. McCalla, McCalla, Thompson, Pyburn, Hymowitz & Shapiro, New Orleans, LA, for General Elec. Co., defendant.

### ORDER AND REASONS

WILKINSON, United States Magistrate Judge.

Plaintiff, Jane F. Smolensky, has moved for leave to file an amended complaint.

She seeks to add two new defendants, Lorene Schaefer and Grover McDaniel, who were employees of the defendant, General Electric Company ("General Electric"), at the time of the incidents at issue. Plaintiff also seeks to add new state law claims of fraud, negligent misrepresentation and defamation against the new defendants and to add a new claim that General Electric is vicariously liable for the state law torts of Schaefer and McDaniel. Record Doc. No. 69. General Electric filed a timely opposition memorandum. Record Doc. No. 70. Plaintiff received leave to file a reply memorandum. Record Doc. Nos. 71, 72.

Having considered the original petition, the record, the proposed amended complaint, the arguments and submissions of the parties and the applicable law, and for the following reasons, **IT IS ORDERED** that plaintiff's motion for leave to amend is GRANTED IN PART AND DENIED IN PART as follows.

## I. *FACTUAL AND PROCEDURAL BACKGROUND*

McDaniel interviewed Smolensky on two occasions in May and July 1998 for two different job openings at General Electric, but did not hire her for either position. She filed an age discrimination complaint with the Equal Employment Opportunity Commission ("EEOC") in October 1998. Plaintiff's Exh. 2. General Electric responded to plaintiff's EEOC complaint in a letter from its in-house counsel, Schaefer, to the EEOC dated November 20, 1998 (the "Schaefer letter"). Plaintiff's Exh. 3.

Smolensky originally filed this action in state court against General Electric and McDaniel, alleging three causes of action under Louisiana law only. Defendants removed the action to this court based on both federal question (ERISA preemption) and diversity jurisdiction.

Defendants successfully moved to dismiss all of plaintiff's claims against McDaniel and defeated plaintiff's motion to remand the action to state court. Record Doc. No. 13. Shortly before trial, the presiding district judge denied as untimely plaintiff's motion for leave to amend her complaint to add new claims against General Electric for defamation and filing a false statement and to add McDaniel as a defendant on those claims. The court simultaneously granted General Electric's motion for summary judgment, dismissing all of plaintiff's remaining claims. Record Doc. No. 51.

Smolensky appealed the denials of her motions to remand and to amend and the final judgment in favor of General Electric and McDaniel. The Fifth Circuit held that the court had diversity jurisdiction and affirmed this court's orders in all respects, except as to one of plaintiff's claims against General Electric. Record Doc. No. 66. As to plaintiff's age discrimination claim under Louisiana law, the appellate court reversed the grant of summary judgment to General Electric and remanded that claim to this court for trial. Trial on that claim has been scheduled for January 14, 2002.

## II. *ANALYSIS*

### A. *Standards for Evaluating a Motion for Leave to Amend a Complaint*

Leave to amend "shall be freely given when justice so requires," Fed.R.Civ.P. 15(a), but "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir.1993) (quotation omitted). Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Id.*

General Electric does not oppose Smolensky's proposed amendment to substitute the term "Sales Secretary" for "Receptionist" in the original petition. Defendant's Opposition to Plaintiff's Motion for Leave to Amend, Record Doc. No. 70 at p. 1 n. 1. Accordingly, the motion is GRANTED IN PART, insofar as it seeks to substitute the term "Sales Secretary" for "Receptionist."

However, General Electric argues that the remainder of the proposed amendment is futile. As to futility, the Fifth Circuit has recently held:

> It is within the district court's discretion to deny a motion to amend if it is futile. While this court has not specifically defined "futility" in this context, we join our sister circuits that have interpreted it to mean that the amended complaint would fail to state a claim upon which relief could be granted. As these courts have done, to determine futility, we will apply the same standard of legal sufficiency as applies under Rule 12(b)(6).

> The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief. The court may not dismiss a complaint under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir.2000) (quotations and citations omitted).

General Electric argues that the proposed amendment is futile for seven reasons: (1) Smolensky's claims against McDaniel and Schaefer are prescribed; (2) her claims against McDaniel are barred by res judicata; (3) defendants enjoy an absolute privilege for the communications made in the letter from Schaefer to the EEOC; (4) McDaniel never published any defamatory statements about plaintiff; (5) Schaefer never wrote any defamatory words; (6) Schaefer owed no duty to plaintiff to avoid negligent misrepresentation to the EEOC; and (7) because plaintiff has no valid claims against either Schaefer or McDaniel, General Electric has no vicarious liability for their actions. I will address these arguments in a somewhat different order.

### B. *Res Judicata or Claim Preclusion*

General Electric argues in a footnote that plaintiff's new claims against McDaniel are barred by the doctrine of res judicata, also known as claim preclusion. This argument is well founded.

"Federal common law governs the claim-preclusive effect of a dismissal by a federal court sitting in diversity." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 121 S.Ct. 1021, 1028, 149 L.Ed.2d 32 (2001). Prior to *Semtek*, the Fifth Circuit "repeatedly held that *federal* res judicata rules apply in a diversity case in determining the effect of a prior diversity case." *Seven Elves, Inc. v. Eskenazi*, 704 F.2d 241, 243 n. 2 (5th Cir.1983) (citations omitted) (emphasis added);[1] *accord Bradley v. Armstrong Rubber Co.*, 130 F.3d 168, 179 (5th Cir.1997); *Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc.*, 37 F.3d 193, 195 (5th Cir.1994); *Lubrizol Corp. v. Exxon Corp.*, 871 F.2d 1279, 1287 n. 11 (5th Cir.1989).

This line of Fifth Circuit authority may have been overruled by the United States Supreme Court in *Semtek*. In *Semtek*, the

---

**1.** The same rule applies if the jurisdictional basis of the previous case was a federal question and if there was supplemental or ancillary jurisdiction over state law claims. *Id.*

Supreme Court held that, when a court must decide the preclusive effect of a judgment rendered by a federal court in a diversity case, the federal common law of res judicata requires the deciding court to adopt the claim-preclusive rules *of the forum state* that provided the substantive rules of decision in the first action.

> [Because] state, rather than federal, substantive law is at issue there is no need for a uniform federal rule. And indeed, nationwide uniformity in the substance of the matter is better served by having the same claim-preclusive rule (the state rule) apply whether the dismissal has been ordered by a state or a federal court. This is, it seems to us, a classic case for adopting, as the federally prescribed rule of decision, the law that would be applied by state courts in the State in which the federal diversity court sits.

*Semtek,* 121 S.Ct. at 1028.

However, this court need not address whether *Semtek* overruled Fifth Circuit precedent because the Louisiana law of res judicata is essentially the same as the Fifth Circuit law cited above. The result would therefore be the same whether this court applies Louisiana law or federal law as to the preclusive effect of its prior judgment.

Louisiana law provides:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent: ....
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

La.Rev.Stat. § 13:4231; *see id.* official comment (a) (second action is barred if "it arises out of the occurrence which was the subject matter of the prior litigation. The central inquiry is ... whether the second action asserts a cause of action which arises out of the transaction or occurrence which was the subject matter of the first action."); *Dantzler v. Gilchrist Constr. Co.,* 779 So.2d 1110, 1112 (La.App. 3d Cir.2001) (plaintiff's second action against defendant barred, despite different legal theory, because it "arises out of the transaction or occurrence that was the subject matter of the earlier action," in which judgment was final); *Tate v. Prewitt,* 769 So.2d 800, 803–04 (La.App. 2d Cir.2000) (citing *Tolis v. Board of Supervisors,* 660 So.2d 1206 (La.1995)) ("res judicata bars relitigation of any subject matter arising from the same transaction or occurrence of a previous suit.... A judgment determining the merits of a case is a final judgment."); *Hudson v. City of Bossier,* 766 So.2d 738, 743 (La.App. 2d Cir.2000) ("final judgment on the merits precludes the parties from relitigating matters that were or could have been raised in that action").

Similarly, under federal law, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. *Kremer v. Chemical Constr. Corp.,* 456 U.S. 461, 466 n. 6, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982) (citations omitted).

> Res judicata, also known as claim preclusion, forecloses litigation of matters that (1) have previously been litigated, or (2) have never been litigated but *should have been advanced* in an earlier suit. This Circuit's test for claim preclusion requires that:
>
> (1) The parties be identical in both suits,
> (2) A court of competent jurisdiction

rendered the prior judgment, (3) There was a final judgment on the merits in the previous decision, and (4) The plaintiff raises the same cause of action or claim in both suits.

In addition, we have recognized that claims that were not actually litigated are not barred unless they "could and should" have been brought in the earlier suit.

*Super Van, Inc. v. City of San Antonio*, 92 F.3d 366, 370 (5th Cir.1996) (quotation and citations omitted) (emphasis added).

"To determine whether two suits involve the same claim under the fourth element, this court has adopted the transactional test of the Restatement (Second) of Judgments, § 24. Thus, the critical issue is whether the two actions under consideration are based on the *same nucleus of operative facts.*" *In re Southmark Corp.* 163 F.3d 925, 934 (5th Cir.1999) (quotation and citations omitted) (emphasis in original).

Thus, Fifth Circuit case law requires that all claims against a defendant be filed together in a single suit.

> The transactional test applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action ... to present evidence or grounds or theories not presented in the first action ....
> " 'As a general principle, the plaintiff must assert in his first suit all the legal theories that he wishes to assert and his failure to assert them does not deprive the judgment of its effect of res judicata.' "

*Smith v. Nelson Mech. Contractors, Inc.*, No. 95–641, 1995 WL 540231, at *2 (E.D.La. Sept.12, 1995) (Porteous, J.) (quoting *Ocean Drilling & Expl. v. Mont Boat Rental*, 799 F.2d 213, 217 (5th Cir. 1986) (quoting the Restatement of Judgments)).

All of the elements for claim preclusion are met as to Smolensky's new claims against McDaniel, whether Louisiana law or Fifth Circuit precedent is applied. The parties are identical and a court of competent jurisdiction rendered judgment. This court dismissed all of plaintiff's claims against McDaniel on the merits and the Fifth Circuit affirmed, making the judgment final. *See* Fifth Circuit opinion, Record Doc. No. 66, at 4 ("[B]ecause 'there is no possibility that Plaintiff can recover from Defendant McDaniel' under the Louisiana age discrimination law or state constitution, we affirm the dismissal of appellant's claim against McDaniel based on the district court's reasoning and analysis.") (quoting Minute Entry dated August 11, 1999, Record Doc. No. 13, at 5). Plaintiff's proposed claims against McDaniel are clearly based on the same nucleus of operative facts as her initial claims against him. Plaintiff's reliance on the Schaefer letter (of which she had knowledge shortly after December 14, 1998, when the letter was sent to her counsel, Plaintiff's Exh. 3) for her new claims does not suffice to create a cause of action that could not have been previously asserted in this case.

Smolensky could and should have brought her claims of fraud, negligent misrepresentation and defamation against McDaniel while her other claims were pending in this case against him, but she failed to do so. The final judgment in McDaniel's favor extinguishes all of her claims against him that could and should have been brought previously. The doctrine of claim preclusion thus forecloses Smolensky from bringing new claims against McDaniel now. *Agrilectric Power Partners, Ltd. v. General Elec. Co.*, 20 F.3d 663, 664 (5th Cir.1994); *Meador v. Oryx Energy Co.*, 87 F.Supp.2d 658, 664

(E.D.Tex.2000); *Smith,* 1995 WL 540231, at *2.

Accordingly, plaintiff's motion is DENIED to the extent it seeks to add McDaniel as a defendant. The remainder of this opinion addresses only plaintiff's proposed amendment against Schaefer and General Electric.

## C. *Defamation*

■ Smolensky's defamation claim is based solely on the Schaefer letter. I have reviewed the letter, Plaintiff's Exh. 3, and find as a matter of law that this claim could not survive a motion to dismiss because the Schaefer letter contains no defamatory words, an essential element of a defamation claim.

The proposed amended complaint states:
The two chief false statements, *inter alia,* made in the Schaefer Letter about the Sales Secretary position were that Jane Smolensky did NOT interview for the Sales Secretary position (but for a fictitious "receptionist" position) and that Jane Smolensky was not interested in pursuing the Sales Secretary/"receptionist" position.

The two chief false statements, *inter alia,* made in the Schaefer Letter about the Region Sales Administrator position were that Jane Smolensky was not interested in pursuing the position and that the position was classified as an "agency" position when Jane Smolensky was interviewed.

Amended Complaint, Record Doc. No. 69, ¶¶ 52, 53. These allegations accurately summarize the portions of the Schaefer letter of which plaintiff complains.

■ The elements necessary to state a claim for defamation under Louisiana law are (1) defamatory words; (2) publication or dissemination; (3) falsity; (4) malice, actual or implied; *and* (5) resulting injury. *Hahn v. City of Kenner,* 1 F.Supp.2d 596, 600 (E.D.La.1998); *Cangelosi v. Schwegmann Bros. Giant Supermkts.,* 390 So.2d 196, 197 (La.1980); *Guilbeaux v. Times of Acadiana, Inc.,* 661 So.2d 1027, 1031 (La.App. 3d Cir.1995).

Statements are defamatory only if the words, taken in context, tend to injure the person's reputation, to expose the person to public ridicule, to deter others from associating or dealing with the person, or to deprive the person of public confidence in his or her occupation. The question for the court in determining whether words have a defamatory meaning is whether a third person hearing the communication would have reasonably understood the communication, taken in context, as intended in a defamatory sense.

*Davis v. Borskey,* 660 So.2d 17, 22 (La. 1995). The court decides whether a communication is capable of a particular meaning and whether that meaning is defamatory. *Sassone v. Elder,* 626 So.2d 345, 352 (La.1993); *Guilbeaux,* 661 So.2d at 1031.

■ For purposes of the pending motion, General Electric does not dispute that the Schaefer letter contains the false statements described in plaintiff's amended complaint. However, a false statement is not necessarily defamatory. *Christian v. Fontenot,* 672 So.2d 436, 442 (La.App. 2d Cir.1996). In this case, "any falsity in [the Schaefer letter] was essentially irrelevant to the issue of whether the statements were defamatory. The [letter] did not imply that any wrongdoing occurred .... In summary, the [letter] did not contain any accusations or implications of wrongdoing by plaintiff." *Davis,* 660 So.2d at 22. Schaefer's letter "did not state, as a matter of fact or opinion, that [Smolensky] had acted [improperly]." *Sassone,* 626 So.2d at 353. The Schaefer letter contains *nothing* "which a reasonable [reader] would

have taken to so harm [plaintiff's reputation] as to lower the community's opinion of [her]." *Id.* Because a reasonable reader "could not have understood the words as intended in a defamatory sense" and the entire letter when considered in context "does not give rise to a defamatory inference," *id.* at 354, plaintiff fails to state a claim for defamation. Accordingly, Smolensky's motion to amend her complaint to add a defamation claim against Schaefer and General Electric is DENIED.

### D. *Absolute Privilege*

General Electric argues that defendants enjoy an absolute privilege for the communications made in the Schaefer letter to the EEOC because the EEOC is a quasi-judicial agency. Plaintiff's reply memorandum cites no law in opposition to this argument.

Privilege questions in diversity cases are governed by the forum state's law on privilege. Fed.R.Evid. 501; *Hancock v. Hobbs,* 967 F.2d 462, 466 (11th Cir.1992); *Robertson v. Neuromed. Ctr.,* 169 F.R.D. 80, 81–82 (M.D.La.1996); *Soriano v. Treasure Chest Casino, Inc.,* No. 95–3945, 1996 WL 736962, at *2 (E.D.La. Dec.23, 1996); *In re Combustion, Inc.,* 161 F.R.D. 51, 53 (W.D.La.1995), *aff'd,* 161 F.R.D. 54 (W.D.La.1995).

 Louisiana law recognizes an absolute privilege *against defamation claims* for communications made in judicial or quasi-judicial proceedings. *Knapper v. Connick,* 681 So.2d 944, 946 (La.1996) (citing *Bienvenu v. Angelle,* 254 La. 182, 223 So.2d 140, 144 (1969), *overruled on different grounds by Gonzales v. Xerox Corp.,* 320 So.2d 163 (La.1975)). "An absolute privilege protects the speaker or publisher without reference to his notion as to the truth or falsity of the statement." *Goldstein v. Serio,* 496 So.2d 412, 414 (La.App. 4th Cir.1986).

Some federal district courts have held that the EEOC constitutes a quasi-judicial agency because of its "authority to administer federal employment discrimination laws, investigate claims by aggrieved parties, and bring actions itself." *McIntosh v. Cadbury Beverages, Inc.,* No. 96–2554, 1999 WL 464529, at *7 (D. Conn. June 25, 1999) (citing 42 U.S.C. § 2000e–5(b)). General Electric has cited several cases from federal district courts which held, based on the laws of their forum states, that an employer's statements to the EEOC in responding to a complaint are absolutely privileged *against a defamation claim* because the EEOC is a quasi-judicial agency. *Allen v. St. Cabrini Nursing Home,* 00 CIV 8558 CM, 2001 WL 286788, at *6 (S.D.N.Y. Mar.9, 2001); *Hurst v. Jiffy Lube,* No. 00–133, 2000 WL 1790112, at *5 (E.D.Pa. Dec.6, 2000); *McIntosh,* 1999 WL 464529, at *7; *see also Giusto v. Ashland Chem. Co.,* 994 F.Supp. 587, 593 (E.D.Pa.1998) (absolute privilege applies in Pennsylvania Human Rights Commission proceeding); *Hinds v. Magna Fabrics,* No. 96–1383, 1997 WL 309378, at *5 (S.D.N.Y. June 9, 1997) (same as to New York State Division of Human Rights proceeding).

These cases address only defamation claims and I have already denied on other grounds plaintiff's motion to add a defamation claim because it is futile. General Electric appears to argue that the *absolute* privilege should also protect it and Schaefer from plaintiff's claims of fraud and negligent misrepresentation. Defendant cites no law in support of that proposition, and my research has located none. On the contrary, the Fifth Circuit has held that an employer's statements to the EEOC are entitled to a *qualified* privilege against defamation claims under Louisiana law. "Qualified privilege is an affirmative defense to defamation provided by Louisiana

law for one who can prove that he made a statement (1) in good faith (2) on a matter in which he had an interest or a duty (3) to another person with a corresponding interest or duty." *Stockstill v. Shell Oil Co.,* 3 F.3d 868, 872 (5th Cir.1993) (quotation omitted). General Electric apparently does not urge a qualified privilege in this case because plaintiff has alleged that Schaefer's statements were not made in good faith. The Fifth Circuit in *Stockstill* declined to decide whether an absolute privilege would apply to statements made to the EEOC under either Louisiana law or federal common law. *Id.* at n. 5. No subsequent Fifth Circuit cases have addressed the issue.

The United States Supreme Court recently reaffirmed that

privileges are strongly disfavored in federal practice, and any privilege must be strictly construed since "[t]estimonial exclusionary rules and privileges contravene the fundamental principle that 'the public ... has a right to every man's evidence.'" Though Rule 501 authorizes recognition of new privileges, the courts are not inclined to exercise this authority expansively ....

*Robertson,* 169 F.R.D. at 82 (quoting *University of Pa. v. Equal Employment Opportunity Comm'n,* 493 U.S. 182, 189, 110 S.Ct. 577, 107 L.Ed.2d 571 (1990)). It is the function of the Louisiana legislature or the Louisiana Supreme Court, not this court, to create new state law privileges, and I decline to create new state law where none currently exists.

■ Accordingly, I cannot find that absolute privilege bars Smolensky's claims of negligent misrepresentation and fraud against Schaefer and General Electric.

### E. *Prescription*

As to plaintiff's claims of fraud and negligent misrepresentation, Smolensky knew of the falsehoods in the Schaefer letter shortly after December 14, 1998, when the letter was sent to her counsel. Plaintiff's Exh. 3. General Electric argues that these claims prescribed one year later under Louisiana's one-year liberative prescription, La. Civ.Code art. 3492; that the claims do not relate back to the original filing date of this action under Fed. R.Civ.P. 15(c)(3) concerning the addition of new parties; and that plaintiff's amendment to add these claims is futile.

Smolensky responds that Schaefer and General Electric are solidary obligors and that her timely filing of suit against General Electric interrupted prescription as to her claims against Schaefer. "Prescription is interrupted when ... the obligee commences action against the obligor, in a court of competent jurisdiction and venue." La. Civ.Code art. 3462. "When prescription is interrupted against a solidary obligor, the interruption is effective against all solidary obligors and their successors." *Id.* art. 3503; *accord Rizer v. American Sur. & Fid. Ins. Co.,* 669 So.2d 387, 388 (La.1996). Thus, plaintiff contends, her amendment relates back under Fed. R.Civ.P. 15(c)(1), which provides that "[a]n amendment of a pleading relates back to the date of the original pleading when relation back is permitted by the law that provides the statute of limitations applicable to the action ...." Fed.R.Civ.P. 15(c)(1).

Obligors are solidary when they "are obligated to repair the same damage." *Rizer,* 669 So.2d at 389. The only valid claim that Smolensky initially filed against General Electric was for age discrimination. Schaefer is not a solidary obligor on that claim and articles 3462 and 3503 would not apply if that were the only claim asserted against General Electric. *Layman v. City of New Orleans,* 753 So.2d 254, 256 (La.App. 4th Cir.1998).

■ However, plaintiff seeks to add claims of fraud and negligent misrepresentation against General Electric, both directly and under the theory of respondeat superior. Amended Complaint, ¶¶ 64–65. Those claims relate back under Fed. R.Civ.P. 15(c)(2), which provides that an amendment against a current party relates back when the claim "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c)(2). Because plaintiff's claims of fraud and negligent misrepresentation against General Electric relate back and because Schaefer, on the face of the complaint, is reasonably alleged to be a solidary obligor with General Electric on those claims, prescription was interrupted on the original filing date as to both General Electric and Schaefer. *Lewing v. Sabine Parish Police Jury*, 664 So.2d 598, 600 (La.App. 3d Cir.1995).

Accordingly, permitting plaintiff to add these claims would not be futile on prescription grounds.

### F. *Negligent Misrepresentation and Duty/Risk Analysis*

Finally, General Electric argues that plaintiff cannot state a claim for negligent misrepresentation because Schaefer owed Smolensky no duty to make accurate statements in the letter to the EEOC. Plaintiff cites no law in opposition to this argument.

Louisiana law provides for duty-risk analysis of a negligent misrepresentation claim. "Plaintiff must prove that the conduct in question was a cause-in-fact of the resulting harm, the defendant owed a duty of care to the plaintiff, the requisite duty was breached by the defendant and the risk of harm was within the scope of protection afforded by the duty breached." *Daye v. General Motors Corp.*, 720 So.2d 654, 659 (La.1998). Under this analysis, "the initial inquiry is whether, as a matter of law, a duty is owed to this particular plaintiff to protect [her] from this particular harm." *Barrie v. V.P. Exterminators, Inc.*, 625 So.2d 1007, 1016 (La.1993).

In the context of negligent misrepresentation claims, Louisiana courts have found that a duty to supply information exists when there is privity of contract or a fiduciary relationship between the parties, and in a few cases **when third parties relied on misinformation supplied by the defendant.** *See Barrie*, 625 So.2d at 1015. Because there is neither privity of contract nor a fiduciary relationship in this case, the analysis is most apposite to those cases involving nonclients or third parties. In those cases, the Louisiana Courts of Appeal have found that a duty is owed when "there is communication of the misinformation by the tortfeasor *directly* to the user or the user's agent" **and the user relied on it.** *Id.* at 1016, emphasis added, citing *Cypress Oilfield Contractors, Inc. v. McGoldrick Oil Co.*, 525 So.2d 1157, 1162 (La.App. 3d Cir.1988); *Payne v. O'Quinn*, 565 So.2d 1049, 1054 (La. App. 3d Cir.1990); and *Pastor v. Lafayette Bldg. Ass'n*, 567 So.2d 793, 796 (La. App. 3d Cir.1990).

[The Louisiana Supreme Court in] *Barrie* extended a duty to a third party who was **known to defendant as an intended user** of its termite inspection reports. Although there was no privity between the homebuyer and the termite inspector, the homebuyer was a member of a "limited group **for whose benefit and guidance the report was supplied.**" *Barrie*, 625 So.2d at 1015.

*Commerce & Indus. Ins. Co. v. Grinnell Corp.*, No. 97–803, 1999 WL 508357, at *2 (E.D.La. July 15, 1999) (Vance, J.) (bold emphasis added).

In addition, "Louisiana courts have held that a duty-risk analysis involves balancing

competing policy considerations on a case-by-case basis." *Id.* (citing *Hill v. Lundin & Assoc.*, 260 La. 542, 256 So.2d 620, 623 (1972)). "The obligation for the liability [for negligent misrepresentation] is imposed by law based upon policy considerations due to the tortfeasor's knowledge of the prospective use of the information which expands the bounds of his duty of reasonable care to encompass *the intended user.*" *Barrie,* 625 So.2d at 1015 (emphasis added).

The particular harm alleged in the instant case is that Schaefer and General Electric knowingly supplied false information to the EEOC, on which the *agency* relied in determining that Smolensky did not establish probable cause to sustain her claim of age discrimination, and that the result might have been different if *the EEOC* had known the correct information. Amended Complaint, ¶ 67. Plaintiff also alleges that she relied on the false statements in some unspecified fashion during this litigation. *Id.* ¶ 69.

■■■ Reliance is an essential element of a negligent misrepresentation claim. Under Louisiana law, a plaintiff must prove "(1) a legal duty on the part of the defendant to supply correct information to the plaintiff, (2) a breach of that duty, and (3) damages to the plaintiff *as a result of justifiable reliance* on the misrepresentation." *LeMarie v. Lone Star Life Ins. Co.*, No. 00–0570, 2000 WL 1678009, at *7 (E.D.La. Nov.7, 2000) (Duval, J.) (emphasis added) (citing *Brown v. Forest Oil Corp.*, 29 F.3d 966, 969 (5th Cir.1994)); *see National Am. Ins. Co. v. Melancon,* No. 98–1273, 1999 WL 675421, at *5–6 (E.D.La. Aug.31, 1999) (Vance, J.) (misrepresentation could not have been cause-in-fact of plaintiffs' damages when they did not reasonably rely on the information supplied); *Daye,* 720 So.2d at 660 (misrepresentation could not have caused plain-

tiff's damages when he did not rely on the information). The parties have not cited, and my own research has not located, any Louisiana cases that address whether an employer has a duty to supply correct information to the EEOC.

■■■ I find that General Electric and Schaefer owed no duty *to plaintiff* to supply correct information to the EEOC. When writing the letter, Schaefer was acting as General Electric's attorney in an adversarial position to plaintiff and was stating General Electric's position in response to plaintiff's discrimination charge. The intended user of the information was not Smolensky, but the EEOC. General Electric would not reasonably expect Smolensky to rely on the Schaefer letter when her own affidavit to the EEOC contradicts General Electric's position. Plaintiff's Exh. 2. Smolensky thus does not fall within the limited group of third-party intended users, recognized by Louisiana law, who would foreseeably rely on the information supplied by defendant to the EEOC. *See, e.g., Barrie,* 625 So.2d at 1016; *In re Succession of McKnight,* 768 So.2d 794, 798–99 (La.App. 2d Cir.2000), *writ denied,* No.2000–C–3072, 2001 WL 137365 (La. Feb.9, 2001); *Venture v. Transportation Underwriters,* 634 So.2d 4, 7 (La.App. 3d Cir.1994).

■■■ Even assuming that General Electric owed a duty to plaintiff, she has not suffered any harm as a result of the Schaefer letter. *Daye,* 720 So.2d at 659. The EEOC found no probable cause to support plaintiff's age discrimination claim. She suggests that the result might have been different had the EEOC known the correct information. The only other possible results would have been either a finding of probable cause to believe that age discrimination had occurred or a finding that Gen-

eral Electric had violated the statute.[2] The EEOC might then have undertaken conciliation efforts between Smolensky and General Electric, which might have led to some relief for plaintiff. However, because she has no guarantee of a remedy in her favor as a result of conciliation efforts, plaintiff cannot show that she was harmed by the lack of conciliation. *See Hemmans v. State Farm Ins. Co.,* 653 So.2d 69, 79 (La.App. 4th Cir.1995) (no liability for alleged misrepresentation when plaintiff suffered no detriment as result of transaction with defendant).

Moreover, plaintiff's right to sue is preserved regardless of what finding the EEOC reaches. In addition, an EEOC finding that General Electric actually engaged in age discrimination most likely would not be admissible in evidence. *Paolitto v. John Brown E. & C., Inc.,* 151 F.3d 60, 65 (2d Cir.1998); *Williams v. Nashville Network,* 132 F.3d 1123, 1128 (6th Cir.1997); *EEOC v. Manville Sales Corp.,* 27 F.3d 1089, 1095 (5th Cir.1994). Thus, Smolensky cannot show that she suffered any actionable harm as a result of General Electric's actions, even if the EEOC might have rendered a finding favorable to her.

Accordingly, plaintiff's motion to amend to add a negligent misrepresentation claim is futile.

### G. *Fraud*

Allowing plaintiff to amend to add a fraud claim would also be futile. The "elements of a Louisiana delictual fraud or intentional misrepresentation cause of action are: (a) a misrepresentation [or suppression] of a material fact, (b) made with the intent to deceive, and (c) causing *justifiable reliance with resultant injury.*" *Guidry v. United States Tobacco Co.,* 188

F.3d 619, 627 (5th Cir.1999) (citing La. Civ.Code art.1953; other citations omitted). Because she cannot show justifiable reliance on or harm resulting from General Electric's misrepresentations to the EEOC for the same reasons stated in the preceding section, Smolensky's motion to amend to add a fraud claim is futile.

### CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that plaintiff's motion for leave to amend her complaint is GRANTED IN PART to allow plaintiff to substitute the term "Sales Secretary" for "Receptionist" in the original petition. **IT IS FURTHER ORDERED** that the remainder of the motion is DENIED.

---

**2.** "Apparently a violation letter is specifically authorized only in [Age Discrimination in Employment Act] cases," not in Title VII cases. *Malveaux v. Condea Vista Co.,* 85 F.Supp.2d 655, 659 (W.D.La.1999) (citing 29 C.F.R. § 1626.15(b)).