768 So.2d 794 (2000)
SUCCESSION OF Esther Copeland McKNIGHT.
No. 33,802-CA.
Court of Appeal of Louisiana, Second Circuit.
October 4, 2000.
*795 Richard J. Reynolds, Shreveport, Counsel for Appellant, Citizens Bank & Trust Co.
Charles V. Richie, John R. Herzog, Shreveport, Counsel for Appellee, Jean Prothro Fountain.
Paul E. Kitchens, Minden, Counsel for Appellees, Bess Vize Copeland, Veva Whiddon Prothro, Margaret Williams Lawler, Dorothy Nell Williams, John Dixon Copeland, David Joe Copeland, Grayson Copeland, Jimmy Allen Copeland, JoAnn Marie Prothro McLemore, David Brian Prothro, Julia Ann Hintzman Rowland, Robert Gerald Hintzman, Ronald Lynn Hintzman, Etta Kay Hintzman Johnson.
Before BROWN, WILLIAMS and DREW, JJ.
WILLIAMS, Judge.
The third-party defendant, Citizens Bank & Trust Company of Vivian, Louisiana, appeals a trial court judgment in favor of the plaintiff, Jean Prothro Fountain, finding that the bank breached a duty of care owed to the plaintiff. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
On December 12, 1990, Esther Copeland McKnight, opened a money market deposit account at Citizens Bank & Trust Company of Vivian, Louisiana, ("Citizens Bank"). The account was titled "Esther C. McKnight Trust for Dozier T. Prothro." In the area on the signature card designated *796 "Ownership Desired," the box next to the words "JointWith Survivorship" was marked.
As a result of Dozier Prothro's death, Esther McKnight executed a revised signature card for the account on January 22, 1992. The revised account was titled "Esther C. McKnight Trustee For Jean Prothro Fountain" and designated "JointWith Survivorship." Jean P. Fountain was listed as an authorized signatory. The decedent executed a power of attorney over all of her affairs in favor of the plaintiff approximately twelve days prior to completing the revised signature card. At the trial, the plaintiff, and her cousin, Margaret Lawler, testified that the plaintiff was the decedent's primary care taker after the death of the plaintiff's brother, Dozier Prothro.
Esther McKnight died on December 30, 1997, and the plaintiff, Jean Prothro Fountain, was confirmed as executrix of the succession. On August 20, 1998, the plaintiff, in her capacity as succession representative, filed a petition for declaratory judgment in the district court, joining all of the legatees under the decedent's last will and testament. The plaintiff sought a determination of ownership of certain assets, including the following accounts:
(1) Money Market Account No. 13023832 at Citizens Bank and Trust Company entitled "Esther C. McKnight Trustee for Jean Prothro Fountain" with a balance on the date of death of $103,364.11, and
(2) Tax-Free Bond Fund-Class B Fund, issued by Mainstay Family of Funds in the name of "Esther C. McKnight, Jean P. Fountain TEN COM (Tenants in Common)" Fund Account No. XXXXXXXXXXX, which was valued on the date of death at $11,843.08.
The plaintiff also filed an answer in her individual capacity claiming ownership of these two accounts.
On March 12, 1999, the plaintiff filed a separate third-party demand asserting that if the court declared that the funds in the accounts were the property of the succession, then there should be judgment in her favor and against certain third-party defendants for the amount of the funds held in the accounts on the basis of negligent misrepresentation. New York Life Securities, Inc., New York Life Distributors, Inc. and Citizens Bank were named as third-party defendants. The plaintiff's claims against New York Life Securities, Inc. and New York Life Distributors, Inc. in reference to the Tax-Free Bond Fund-Class B Fund were compromised and dismissed.
After a trial, the court found that the decedent's attempt to execute a donation to the plaintiff did not meet the standards legally recognized by Louisiana law, and, as a result, the funds in the money market account belong to the succession. The trial court also found that the plaintiff had proved by a preponderance of the evidence that Citizens Bank was liable to the plaintiff for negligent misrepresentation. The court awarded the plaintiff damages in an amount equal to the balance in the account at the time of the decedent's death, less the amount the plaintiff was entitled to receive as a legatee under the terms of the decedent's will. Citizens Bank appeals.

DISCUSSION
Citizens Bank contends the trial court erred in finding that it owed a duty to Jean Fountain in regard to the disposition of the funds in the money market account and that the bank breached that duty. The plaintiff argues that she was entitled to receive the funds in the money market account upon the death of Esther McKnight. According to the plaintiff, Citizens Bank was aware of the decedent's intent regarding the disposition of the funds in the money market account and was negligent in its representation that the provisions of the signature card were sufficient to produce the desired disposition.
It is well settled that a reviewing court may not set aside a factual determination *797 made by the trier of fact in the absence of manifest error or unless it is clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989).
Pursuant to LSA-R.S. 6:1124, unless expressly set forth in a written agency or trust agreement, no fiduciary responsibilities of a financial institution arise toward customers or third parties. Ordinarily, a bank and depositor have a debtor-creditor relationship with no independent duty of care imposed on the bank. However, certain special circumstances will give rise to a duty. To be liable for failure to disclose information, "there must exist a duty to speak or disclose information." Greene v. Gulf Coast Bank, 593 So.2d 630 (La.1992).
In the instant case, the bank's internal signature card for the account contains the phrase "trustee for" and names a specific beneficiary. However, it does not constitute a valid trust under Louisiana law because it fails to conform with LSA-R.S. 6:314, the statute governing trust deposits. Section 314 provides in pertinent part:
A. Upon the death of a depositor who has deposited a sum in any bank account evidencing an intention that upon the death of the depositor, the funds shall belong to such depositor's spouse, or to one or more children, grandchildren, parents, or siblings of the depositor, the bank may pay the deposit, together with the dividends or interest accruing thereto, to the person for whom the deposit was made. The depositor shall give to the depository bank an affidavit stating that all designated beneficiaries of such an account are within the required degree of kinship as provided herein, and the depository bank may rely conclusively thereon.
B. The title of such an account must include the terms "in trust for", "as trustee for", or "payable on death to", such beneficiary or beneficiaries. Such beneficiaries must be specifically named in the deposit account records of the bank.
. . . .
F. The provisions of this Section shall apply notwithstanding the fact the decedent designates a beneficiary by last will and testament. The provisions of this Section shall not prohibit any right of forced heirship or the collation or collection of funds due any spouse, heir, legatee, creditor, or other person having rights or claims to funds of the deceased depositor.
The executed signature card provided by the bank evidenced that the decedent opened a money market deposit account[1] entitled "Esther C. McKnight Trustee For Jean Prothro Fountain" and the option "JointWith Survivorship" was marked. The signature card also outlined rules applicable to each type of account. "Joint With Survivorship" was described as an account opened by two or more persons with a right of survivorship agreement. It also explained, "That in the event of the death of one tenant, the balance in the account passes directly to the surviving tenant(s), instead of the estate of the deceased tenant."
Janette Brown, a new accounts and customer service representative for Citizens Bank, testified that although she did not open the original account, she completed the revised signature card after the death of Dozier Prothro. According to Brown, the information on the revised signature card was either provided by the decedent or copied directly from the original signature card. Brown testified that it was her understanding that when a customer died owning a "JointWith Survivorship" account, the balance of the account would pass directly to the surviving tenant[2].
*798 Although the plaintiff was specifically named on the signature card as the beneficiary and the card contained the phrase "trustee for," the plaintiff was not within the degree of kinship required by the statute to create a valid trust[3]. Consequently, the decedent's transaction with the bank did not form either a valid donation inter vivos or donation mortis causa because it failed to meet the statutory requirements. See, LSA-C.C. arts. 1536-1538 and 1574-1580.1. Therefore, the trial court correctly declared the funds in the money market account the property of the decedent's estate.
In general, the courts of this state have recognized that LSA-C.C. arts. 2315 and 2316, the codal articles defining tort law, encompass an action for negligent misrepresentation. The broad language of Articles 2315 and 2316 affords protection for persons damaged by the negligent acts of others sufficient to encompass a cause of action for negligent misrepresentation. Daye v. General Motors Corp., et al., 97-1653 (La.9/9/98), 720 So.2d 654; Barrie v. V.P. Exterminators, Inc., 625 So.2d 1007 (La.1993). Under Article 2315, "every act whatsoever of man that causes damage to another obliges him by whose fault it happened, to repair it." In order to find a bank liable under Article 2315, it must first be determined that the bank owed a fiduciary duty to the plaintiff. Guidry v. Bank of LaPlace, 94-1758 (La.App. 4 Cir. 9/15/95), 661 So.2d 1052.
Appellate courts have integrated the cause of action for negligent misrepresentation and misinformation into the duty-risk, negligence analysis. Thus, for the cause of action to arisewhether plaintiff is a third party or a party to the contract or transactionthere must be a legal duty on the part of the defendant to supply correct information, there must be a breach of that duty, and the breach must have caused plaintiff damage. Daye v. General Motors Corp., supra; Barrie v. V.P. Exterminators, Inc., supra; Cagle v. Loyd, 617 So.2d 592 (La.App. 3d Cir.1993), writ denied, 620 So.2d 877 (La.1993).
As stated above, the signature card furnished by Citizens Bank purported to provide the rules applicable to a joint-tenant account, with a right of survivorship. On the card, the account was defined as follows:
An account opened by two or more persons with a right of survivorship agreement. That in the event of the death of one tenant, the balance in the account passes directly to the surviving tenants, instead of the estate of the deceased.
Generally, a bank is not deemed to act as a fiduciary to its customers or to third parties. However, in some instances a party's assumption of a contractual duty may create a corollary tort duty in favor of a third person. Smith v. State Through Dept. of Public Safety, 620 So.2d 1172 (La.App. 1st Cir.1992). Thus, once Citizens Bank assumed responsibility to instruct the decedent concerning the distribution of the account funds after her death, and in effect agreed to distribute such funds to the plaintiff, the Bank owed a duty of reasonable care in advising decedent as to the method for achieving the intended result in favor of the plaintiff.
The trial court was presented with evidence which supported its determination that the decedent's intent was to open a jointly-owned money market account and, upon her death, to disburse the funds in the account to the plaintiff. Contrary to its written representations on the signature card at the time the account was opened, Citizens Bank could not comply *799 with the decedent's instructions. Thus, funds designated by the decedent to be disbursed to the plaintiff at decedent's death were declared a part of the decedent's estate.
Therefore, we conclude that the record supports a finding that the bank breached its duty to provide correct information to accomplish the intended distribution of account funds to the plaintiff and that this breach of duty caused harm in the form of economic loss to the plaintiff. On this limited basis, we find that the trial court did not err in imposing liability upon Citizens Bank under the theory of negligent misrepresentation. The assignments of error lack merit.

CONCLUSION
For the reasons assigned, we affirm the judgment of the trial court. Costs of this appeal are assessed to the third-party defendant-appellant, Citizens Bank & Trust Company of Vivian, Louisiana.
AFFIRMED.
NOTES
[1] The area of the signature card designated "Type of Account" offered several options including "Trust" and "Pay-on-Death." The blocks corresponding to these two options were not marked.
[2] Ronald Hall testified that, in order to comply with the provisions of Congress' Truth In Savings Act, Citizens Bank no longer uses the type of signature card that was in use when the decedent opened the account; instead, the bank uses the Deposit Pro system.
[3] LSA-R.S. 6:314(A) requires the depositor to give the depository bank an affidavit stating that all designated beneficiaries are within the required degree of kinship as provided by the statute. No affidavit was executed in the instant case.