ItDECUIR, Judge.
Bank One appeals a judgment of the trial court finding it liable to D & J Tire, Inc. for negligent misrepresentation arising out of an embezzlement scheme perpetrated by D & J’s employee, Henrietta Wilkinson. For the reasons that follow, we reverse.
FACTS
In 1998, D & J Tire Company, Inc. (D & J) hired Henrietta Wilkinson as a receptionist. In a matter of months she was promoted to credit manager. In that capacity she collected on NSF checks, made deposits, and carried out various other tasks related to accounts receivable.
In January 1999, shortly after Henrietta was promoted, D & J started to experience a strain on its cash flow. The comptroller, Mike Nelson, noticed that the level of redeposits of NSF checks was much higher than the level of collections and suspected Henrietta was taking cash from NSF checks. After contacting the bank for copies of the redeposited NSF checks, he could not find any evidence that Henrietta was taking cash.
On September 14, 1999, Bank One notified D & J that an alert teller had noticed that Henrietta submitted an altered deposit slip that did not match the carbon copy in D & J’s deposit book. The bank also presented several other altered deposit slips to D & J. The comptroller then realized what was causing the strain on cash.
Henrietta would take NSF checks and add them to the deposit. She would then change the dollar amount listed as cash for deposit by the amount of the added NSF checks and pocket the cash. Consequently, the amount deposited exactly matched the amount on the altered deposit slip submitted for deposit. It did not, however, match the deposit slip in D & J’s deposit book because Henrietta did not alter the carbon copy. Since deposit slips are not routinely returned with bank statements, D & J was | ¡¡not immediately aware of the problem and when D & J noticed the strain on cash, it requested copies of certain deposited items but not the deposit slips.
*114 After Bank One uncovered the scheme, D & J filed suit against Bank One alleging that returning the deposit book with the unaltered carbon copies of the deposit slips constituted negligent mterepresentation. Bank One added Henrietta as a third party defendant since D & J had not filed suit against her. The trial court found in favor of D & J and apportioned fault 60% to Henrietta, 25% to Bank One and 15% to D & J Tire. The court found damages of $239,868.00 in theft losses and $1,500,824.00 in lost profits and entered judgment against Bank One in the amount of $435,127.50. Bank One lodged this appeal. D & J answered the appeal seeking an increase in the damage award against Bank One.
NEGLIGENT MISREPRESENTATION
Bank One first contends the trial court erred in finding it liable for negligent misrepresentation. We agree.
In Succession of McKnight, 33,802, p. 5-6 (La.App. 2 Cir. 10/4/00), 768 So.2d 794, 798, writ denied, 00-3072 (La.2/9/01), 785 So.2d 822, the court discussed negligent misrepresentation and said:
In general, the courts of this state have recognized that LSA C.C. arts. 2315 and 2316, the codal articles defining tort law, encompass an action for negligent misrepresentation. The broad language of Articles 2315 and 2316 affords protection for persons damaged by the negligent acts of others sufficient to encompass a cause of action for negligent misrepresentation. Daye v. General Motors Corp., et al, 97-1653 (La.9/9/98), 720 So.2d 654; Barrie v. V.P. Exterminators, Inc., 625 So.2d 1007 (La.1993). Under Article 2315, “every act whatsoever of man that causes damage to another obliges him by whose fault it happened, to repair it.” In order to find a bank liable under Article 2315, it must first be determined that the bank owed a fiduciary duty to the plaintiff. Guidry v. Bank of LaPlace, 94-1758 (La.App. 4 Cir. 9/15/95), 661 So.2d 1052.
Appellate courts have integrated the cause of action for negligent misrepresentation and misinformation into the duty-risk, negligence analysis. Thus, for the cause of action to arise — whether plaintiff is a | ¡¡third party or a party to the contract or transaction — there must be a legal duty on the part of the defendant to supply correct information, there must be a breach of that duty, and the breach must have caused plaintiff damage. Daye v. General Motors Corp., supra; Barrie v. V.P. Exterminators, Inc., supra; Cagle v. Loyd, 617 So.2d 592 (La.App. 3d Cir.1993), writ denied, 620 So.2d 877 (La.1993).
In Greene v. Gulf Coast Bank, 593 So.2d 630 (La.1992), the court noted that no independent duty of care is imposed on a bank in the ordinary relationship between bank and depositor. Moreover for liability to attach for failure to disclose information, “there must exist a duty to speak or to disclose information.” Id. at 632. Finally, the legislature has decreed that banks shall not be deemed or implied to have fiduciary responsibilities toward customers or third parties, unless expressly set forth in a written agency or trust agreement. La.R.S. 6:1124.
Bank One contends that it had no duty to discover the theft by D & J’s employee and that it entered into no contractual fiduciary relationship with D & J. The trial court found that Bank One had an obligation to verify that the carbon copy of the deposit slip returned to D & J contained the same alterations as the original deposit slip. The trial court cited no statute creating this duty and we find none. Likewise, there is no evidence in the record that *115 Bank One assumed this duty on behalf of D & J. Under these circumstances, the trial court erred in finding Bank One liable for negligent misrepresentation.
Our resolution of this assignment renders the remaining assignments raised by the parties moot.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed. All costs of these proceedings are taxed to D & J Tire Company, Inc.
REVERSED.